UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PARKROAD CORPORATION,               MEMORANDUM DECISION
                                         AND ORDER
                  Plaintiff,                 05 CV 5085 (GBD)

        -against-

CHINA WORLDWIDE SHIPPING CO. LTD.,

                  Defendants.
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Plaintiff filed a complaint seeking a writ of maritime attachment and garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure ("Rule B"). Plaintiff made an *ex parte* application for an order for process of maritime attachment to attach certain monies belonging to defendant. To be entitled to such an order, plaintiff must file an affidavit stating that, to the affiant's knowledge, defendant cannot be found in this district. Plaintiff's complaint must also contain a prayer for process to attach the defendant's property, up to the amount sued for, within this district in the hands of the named garnishees. Rule B(1)(a), (b). "[L]ittle else is required and there need only be a hearing after the attachment is served." <u>Contichem LPG v. Parsons Shipping Co., Ltd.</u>, 229 F.3d 426, 434 (2d Cir. 2000) (citation omitted). The Court did not rule on plaintiff's initial application, and requested a more specific proffer regarding the basis for plaintiff's claim that defendant has or will have property within the district in the hands of the named garnishees. Plaintiff's counsel did make an additional proffer by letter to the Court with copy to defendant's counsel.

       Although not served with the complaint, defendant filed an answer "thereby appearing generally and submitting to the personal jurisdiction of this Court." (Letter from Greenbaum of 6/3/05, at 1). Defense counsel argues that since defendant has generally appeared in this action

and "submitted to the jurisdiction of the Court by an attorney of record," it is present in this district and hence plaintiff is precluded from obtaining an order for process of maritime attachment. (Id. at 3). The Court disagrees.

In its answer, defendant admits that it is a business entity existing by virtue of the laws of China and that its principal place of business is in China. In plaintiff's supporting affidavit, plaintiff details the negative results of its investigation as to whether defendant can be found within this district. Other than the filing of an answer by defense counsel, defendant does not represent that it has any other contacts with this district.

Rule B "envisions that the order [for process of maritime attachment and/or garnishment] will issue when the plaintiff makes a *prima facie* showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district." Advisory Committee Notes to the 1985 Amendment. The defendant's presence in the district is to be determined as of the date the complaint is filed. See, Constr. Exporting Enters. v. Nikki Mar. Ltd., 558 F.Supp. 1372, 1375 (S.D.N.Y. 1983), *appeal dismissed*, 742 F.2d 1432 (2d Cir. 1983); see also, Heidmar, Inc. v. Anomina Ravennate Di Armamento SP.A. of Ravenna, 132 F.3d 264, 267-68 (5th Cir. 1998). "Testing for presence after the complaint has been filed would permit a defendant to wait until after a plaintiff files a complaint and then appoint an agent for service of process for the sole purpose of defeating attachment." Heidmar, 132 F.3d at 268. Defendant's contention is that its "submission to the jurisdiction of this Court precludes the future levy of Process of Maritime Attachment." (Letter from Greenbaum of 6/3/05, at 1). However, since defendant was not found in this district when the complaint was filed, plaintiff is not precluded from obtaining the requested order for process of attachment.

The defendant's general appearance by counsel in this matter does not serve as a bar to the issuance of an order for process of maritime attachment. The maritime attachment serves two purposes. It "provides a mean to assure satisfaction if a suit is successful" and it may provide a means "to insure a defendant's appearance in an action." Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co., 85 F.3d 44, 48 (2d Cir. 1996) (citations omitted). A plaintiff may obtain a maritime attachment even though the party's primary objective is to obtain security to satisfy a potential judgment, and not to obtain personal jurisdiction over the defendant. See, Staronet Shipping Ltd. v. N. Star Navigation Inc., 659 F.Supp. 189, 191 (S.D.N.Y. 1987). Plaintiff's motive in seeking the attachment is irrelevant to the determination of whether an attachment should be issued. Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 371 (2d Cir. 1995).

"The right to the attachment is not defeated by the filing of a general appearance. But for the security of an attachment, because there is no real presence here, the appearance will be of no assistance to plaintiff in enforcing its rights, and it is not equivalent to being found within the district." See, Nikki Maritime, 558 F.Supp. at 1375; see also, HBC Hamburg Bulk Carriers GMBH & Co. KG v. Proteinas Y Oleicos S.A. DE C.V., 2005 WL 1036127, *5 (S.D.N.Y. May 4, 2005) ("Without security, the filing of an appearance by a foreign defendant provides little assurance that any favorable judgment would be satisfied."). Since plaintiff has made a *prima facie* showing that it has a maritime claim against defendant in the amount sued for and that

defendant is not present in the district, the Court will grant the order for process of maritime attachment.

Dated: New York, New York
June 6, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge